gate the risk entirely. *See Collins I* at 31,903.

The Commission may well have the power to construe the statute in such a subtle and refined way, but the public may not be held accountable under this construction without some appropriate notice. *See Ruangswang,* 591 F.2d at 45. The Commission first held that all "transactions which give the appearance of a bona fide purchase and sale, while avoiding any actual change in ownership" are illegal. *See Collins I* at 31,899. It then revised its interpretation, claiming that the statute only prohibits transactions that negate market risk. *See Collins II* at 33,078. The fact that the Commission abruptly changed its own interpretation in the middle of the proceedings in our judgment further demonstrates the need both for a clearer and more explicit interpretation and for appropriate notice thereof to the public as to what conduct is permissible. Because we find that the public was not adequately apprised that the Commission views "roll forward" trading to be encompassed within the "wash sale" prohibition, we conclude that Stoller may not be held liable under that interpretation for his alleged violations with respect to the Contracts at issue herein.

The petition for review is granted and the Commission's order is reversed.

Kenneth G. Roberts, Roberts & Moelis, New York City, for plaintiffs-appellees.

Paul H. Appel, Friedman, Leeds, Shorenstein & Armenakis, New York City, for defendant-appellant.

Before VAN GRAAFEILAND, WINTER and MAHONEY, Circuit Judges.

PER CURIAM:

We affirm for substantially the reasons stated by Judge Weinfeld in his opinions of May 15, 1987, 660 F.Supp. 1381, and of June 4, 1987, —— F.Supp. —— (S.D.N.Y. 1987).

Appellees' request for an award of post-judgment fees and other costs is not before us on this appeal and is therefore denied.

---

**KING WORLD PRODUCTIONS, INC. and Camelot Entertainment Sales, Inc., Plaintiffs–Appellees,**

v.

**FINANCIAL NEWS NETWORK, Defendant–Appellant.**

**No. 254, Docket 87–7512.**

United States Court of Appeals, Second Circuit.

Argued Nov. 23, 1987.

Decided Nov. 24, 1987.

---

**UNITED STATES of America, Appellee,**

v.

**Jose CRESPO, Appellant.**

**No. 188, Docket 87–1204.**

United States Court of Appeals, Second Circuit.

Argued Sept. 22, 1987.

Decided Nov. 25, 1987.